[Cain v. Key.]

# Cain v. Key.

### Detinue and Trover.

(Decided January 20, 1916. 70 South. 844.)

1. **Judgment; Conclusiveness; Third Person; Purchaser.**—Where one brings detinue or trover against one in possession as mortgagee from a third person, a meritorious judgment of title in favor of the mortgagee is conclusive evidence of title in favor of a purchaser from such mortgagee after suit filed, although such purchase was made before the judgment was rendered.

2. **Mortgages; Foreclosure; Irregular; Title.**—Where the action is detinue against the purchaser of the mortgagee, in determining the legal title, it is immaterial whether the foreclosure was regular or not, since, if the mortgagor had title superior to the plaintiff when he executed the mortgage, the title vested in the mortgagee upon default in the mortage, and not upon the foreclosure proceedings.

3. **Same; Prior Mortgage; Payment**—In such an action plaintiff could not assert superior title under a prior mortgage given by her husband to one G., the surrender of which she had obtained by a payment of the debt secured, where such prior mortgage was not recorded at the time the husband executed the mortgage to P., and for which P. gave actual value without actual notice of the prior mortgage.

4. **Same; Surrender; Payment.**—Where plaintiff paid the debt secured by a prior mortgage and requested the transfer to her of it, but simply received its surrender as a discharged instrument, it being surrendered to her and marked "Paid by Lizzie Key," she did not succeed to the mortgagee's right thereunder so as to vest her with title superior to that of the defendant under his purchase from a subsequent mortgagee; her request for the transfer of the prior mortgage not operating per se as a legal transfer thereof to her.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action in detinue and trover by Lizzie Key against James E. Cain. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 669. Reversed and remanded.

The plaintiff is the widow of one Pat Key, and claims the mule sued for as such. The case was tried on the general issue and special plea 2, setting up a title derived by defendant in a purchase of the mule at a foreclosure sale under a mortgage given by said Thatch Key to one Poteet, also alleging that said Key was in possession of the mule, and held a title superior

to plaintiff at the time he executed said mortgage. Defendant also filed special pleas 3 and 4, setting up a former adjudication of the title to the mule in favor of Cora Poteet, as administratrix of the said mortgagee, as against the plaintiff who sued said Poteet in detinue and trover; the issue tried being the superiority vel non of Poteet's title under said mortgage. The court sustained demurrer to each of these pleas; the grounds assigned being substantially that the judgment alleged was rendered in favor of Poteet after this defendant had acquired title from her, and did not show such privity between plaintiff and Poteet as that the judgment would bind plaintiff. Plea 4, by its adoption of all the averments of plea 2, shows that defendant acquired title by said purchase after plaintiff had sued said Poteet, but before a judgment had been rendered thereon.

The evidence is in dispute as to whether plaintiff or her husband, said Thatch Key, owned the mule when he gave the Poteet mortgage. Plaintiff also claims title through a mortgage given by Thatch Key to one Gilchrist, prior to the Poteet mortgage, which she paid out of the proceeds of the crop for 1912, which belonged to Thatch Key, but which she and her children cultivated after his death in June or July, 1912. Her testimony was that when she paid the money due to Gilchrist she requested him to transfer the mortgage to her. Gilchrist denies this, and says that she simply paid the debt, and he marked the mortgage "Paid by Lizzie Key," and handed it to her. The Gilchrist mortgage was executed January 11, 1910, and filed for record March 14, 1910. The Poteet mortgage was given March 10, 1910, and filed for record March 15, 1910, and appears to have been executed for a valuable consideration. The other facts sufficiently appear.

JOHN R. SAMPLE, and TENNIS TIDWELL, for appellant. CALLAHAN & HARRIS, for appellee.

SOMERVILLE, J.—(1) When a claimant of personalty brings suit in detinue or trover against one in possession as mortgagee from a third person, a meritorious judgment of title in favor of the defendant is conclusive evidence of title in favor of a purchaser from such mortgagee after suit filed, although the purchase was made before such judgment was rendered.— *Coles v. Allen,* 64 Ala. 98, 106.

[Smith v. Stiles, Probate Judge.]

Defendant's special plea 4 stated every element of an estoppel by former judgment against plaintiff in favor of defendant's vendor, and the trial court erred in sustaining the demurrer thereto.

(2) So far as the legal title to the mule is concerned, and that is the decisive question here, it is immaterial whether the Poteet foreclosure of the Thatch Key mortgage was regular or not. If Thatch Key's title was superior to the plaintiff's title when he gave the mortgage to Poteet, defendant must prevail under his plea of the general issue, unless plaintiff can show a superior title derived from Thatch Key.—*Harmon v. Dothan Nat. Bank*, 186 Ala. 360, 64 South. 621.

(3, 4) This she attempts to do by showing that he gave a prior mortgage to one Gilchrist, and that she acquired that title by transfer of the mortgage from Gilchrist. The effort fails, however, not only because the Gilchrist mortgage was not recorded when the Poteet mortgage was given, for value and without actual notice to Poteet of the Gilchrist mortgage, but also because the undisputed evidence shows that plaintiff paid the mortgage and received its surrender as a discharged instrument; her request to Gilchrist to transfer it to her when she paid the debt, even if she made it, not per se operating as a legal transfer of the mortgage to her.

For the error in sustaining the demurrer to plea 4, and for the giving and refusal of charges in conflict with the principles stated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.